# Chimicles & Tikellis LLP

ATTORNEYS AT LAW

One Rodney Square
P.O. Box 1035
Wilmington DE 19899
Telephone: {302} 656.2500
Telecopier: {302} 656.9053
E-mail: Mail@Chimicles.com

June 15, 2005

Nicholas E. Chimicles
Pamela S. Tikellis *
James R. Malone, Jr.
Michael D. Gottsch
Robert J. Kriner, Jr. *
Steven A. Schwartz
M. Katherine Meermans
Candice L.H. Hegedus
Joseph G. Sauder
Kimberly M. Donaldson
Daniel B. Scott
Fatema E.F. Burkey
Robert R. Davis *
Kimberly M. Litman
Timothy N. Mathews
A. Zachary Naylor *
Timothy P. Briggs
Daniel J. Brown *
Benjamin F. Johns

OF COUNSEL
Morris M. Shuster
Denise Davis Schwartzman
Anthony Allen Geyelin

*Attorneys admitted to
practice in Delaware

**E-Filing and Hand Delivery**

Honorable Joseph J. Farnan, Jr.
J. Caleb Boggs Federal Building
844 N. King Street
Room 4124
Lockbox 27
Wilmington, DE 19801

RE:  **Hyland v. J.P. Morgan Securities, Inc.,
Civil Case No. 1:06-cv-00224-JJF**

Dear Judge Farnan:

We write on behalf Dr. Stephen Blau, the Court-appointed Lead Plaintiff in *Blau v. Harrison, et al.*, 04 C 6592, currently pending before Judge William J. Hibbler in the Northern District of Illinois, who is a movant in the above-captioned action. On April 18, 2006, Dr. Blau filed a motion to consolidate this action with a related action captioned *Hyland v. Harrison, et al.*, Civil Case No. 1:05-cv-00162-JJF (the "05-162 Action"), for the purpose of enforcing this Court's order staying the 05-162 Action pending the outcome of Dr. Blau's earlier-filed action in the Illinois District Court. (D.I. 7). Dr. Blau's motion to consolidate is *sub judice*.

We write in connection with plaintiff Samuel I. Hyland's motion for appointment of lead plaintiff and lead counsel, which was filed with



HAVERFORD OFFICE
One Haverford Centre
361 West Lancaster Avenue
Haverford, PA 19041
Telephone: {610} 642.8500
Telecopier: {610} 649.3633

the Court on June 12, 2006. (D.I. 14). For the reasons set forth below, we submit that the Court should not require a formal response to Mr. Hyland's motion at this time.

The Court's ruling on Dr. Blau's motion to consolidate this action with the stayed 05-162 Action may moot Mr. Hyland's lead plaintiff motion. On April 6, 2006, Mr. Hyland filed this action which he admits is related to the 05-162 Action. (D.I. 2). On the same day, he also filed a motion before the Judicial Panel on Multi-District Litigation ("Panel") to consolidate this action with the stayed 05-162 Action and Dr. Blau's Illinois action, which is currently in discovery, for coordinated pre-trial proceedings in this District. (D.I. 4). Dr. Blau filed his motion to consolidate in this action because he believes Mr. Hyland is improperly attempting to evade this Court's stay order in the 05-162 Action and to oust the Illinois District Court of jurisdiction over Dr. Blau's action. If this Court grants Dr. Blau's motion and stays this action, then the Court will not resolve the lead plaintiff motion until after the stay is lifted, if at all.

Similarly, a ruling by the Panel on Mr. Hyland's motion for centralization may also moot his lead plaintiff motion. That motion has been fully briefed and is awaiting disposition by the Panel. Whether or

Honorable Joseph J. Farnan, Jr.
June 15, 2006
Page 3 of 4

not the Panel decides to consolidate the actions for pre-trial purposes, the issue of whether this action should be consolidated with the 05-162 Action for all purposes and stayed in favor of Dr. Blau's action will need to be resolved. These questions are preliminary to the question of whether Mr. Hyland and his counsel should be appointed lead plaintiff and lead counsel in this action.

Moreover, on April 24, 2006, this Court granted defendant's motion to extend the time to answer or move with respect to Mr. Hyland's complaint until 30 days after the Panel rules on Mr. Hyland's motion for coordinated proceedings. (Minute entry so ordering D.I. 6). Dr. Blau submits that it would be inefficient for briefing to go forward on Mr. Hyland's lead plaintiff motion when Dr. Blau's motion has been fully briefed and defendant's time to respond to the complaint is pegged to the resolution of the MDL motion.

Finally, Mr. Hyland's motion is one more example of his tactic of filing successive motions when a decision on an earlier motion could dispose of issues raised by the successive motions. (*See* 05-162, D.I. 85). That is precisely the situation here, where Dr. Blau's motion to consolidate and/or Mr. Hyland's MDL motion, both of which are *sub*

Honorable Joseph J. Farnan, Jr.
June 15, 2006
Page 4 of 4

*judice*, must be resolved before the appointment of lead plaintiff in this action need be addressed.

Under these circumstances, we respectfully submit that Dr. Blau should not be required to submit a response to Mr. Hyland's lead plaintiff motion. If the Court determines that a formal response is necessary, we stand ready to submit a brief on any schedule that the Court deems appropriate.

Respectfully,

Pamela S. Tikellis (#2172)

cc: Clerk of Court (by e-filing)
Joseph N. Gielata, Esquire (by e-filing)
Michael Ray Robinson, Esquire (by e-filing)