**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| SAMUEL I. HYLAND,<br>    individually and on behalf of all<br>        others similarly situated,<br><br>    *Plaintiff*,<br>                    v.<br><br>J.P. MORGAN SECURITIES, INC.,<br>    a Delaware corporation,<br><br>    *Defendant*. | Civil Action No. 06-224 JJF<br><br><br><br><br><br><br>**CLASS ACTION** |

**OPENING BRIEF IN SUPPORT OF
PLAINTIFF SAMUEL I. HYLAND'S MOTION TO
MODIFY THE PSLRA'S STAY OF DISCOVERY**

Dated: June 22, 2006

JOSEPH N. GIELATA (# 4338)
Attorney at Law
501 Silverside Road, No. 90
Wilmington, Delaware 19809
(302) 798-1096

*Attorney for Plaintiff Samuel Hyland*

# TABLE OF CONTENTS

NATURE AND STAGE OF THE PROCEEDING . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

PRELIMINARY STATEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

FACTUAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

     I.     COURTS MAY MODIFY THE PSLRA'S DISCOVERY STAY . . . . . . 4

     II.     MODIFYING THE DISCOVERY STAY IN THIS ACTION WILL
            PLACE NO UNDUE BURDEN ON THE DEFENDANT. . . . . . . . . . . .5

     III.    PLAINTIFF WILL BE UNDULY PREJUDICED WITHOUT
            MODIFICATION OF THE DISCOVERY STAY. . . . . . . . . . . . . . . . . 8

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

# TABLE OF AUTHORITIES

**Cases:**                                                                 **Page**

*In re BankAmerica Corp. Sec. Litig.*,
    MDL No. 1264, Order (E.D. Mo. July 19, 1999). . . . . . . . . . . . . . . . . . . . . . . . . 7

*In re Enron Corp. Sec. Derivative & ERISA Litig.*,
    2002 WL 31845114 (S.D. Tex. Aug. 16, 2002) . . . . . . . . . . . . . . . . . . . . . . . . . .7

*In re Flir Systems, Inc. Sec. Litig.*,
    2000 WL 33201904 (D. Or. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*In re Grand Casino, Inc. Sec. Litig.*,
    988 F. Supp. 1270 (D. Minn. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*In re Lernout & Hauspie Sec. Litig.*,
    214 F. Supp. 2d 100 (D. Mass. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . .4, 5, 8

*Medical Imaging Centers of America v. Lichtenstein*,
    917 F. Supp. 717 (S.D. Cal. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Newby v. Enron*,
    No. H-01-3624, slip op. (S.D. Tex. Feb. 27, 2002) . . . . . . . . . . . . . . . . . . . . . . . 6

*In re Silicon Graphics, Inc. Sec. Litig.*,
    970 F. Supp. 746 (N.D. Cal. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

*In re Tyco Int'l, Ltd. Multidistrict Litig.*,
    No. 02-MD-1335, 2003 WL 23830479 (D.N.H. Jan. 29, 2003) . . . . . . . . . . . . . .8

*Vacold LLC and Immunotherapy, Inc. v. Cerami*,
    2001 WL 167704 (S.D.N.Y. Feb. 16, 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

*In re Worldcom, Inc. Sec. Litig.*,
    234 F. Supp. 2d 301 (S.D.N.Y. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .*passim*

**Statute:**

15 U.S.C. § 78u-4(b)(3)(B). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

## NATURE AND STAGE OF THE PROCEEDING

Plaintiff Samuel I. Hyland ("Plaintiff") commenced this class action on April 6, 2006.  Presently pending in the Northern District of Illinois is an action styled *Blau v. Harrison*, C.A. No. 04-CV-6592 (the "Illinois Action").  Both actions arise out of the same transaction.  On March 24, 2006, a motion to dismiss the Illinois Action was denied in part and discovery in the Illinois Action, which had been stayed by a provision in the Private Securities Litigation Reform Act ("PSLRA"), has commenced.

## SUMMARY OF THE ARGUMENT

1.      The PSLRA stay of discovery should be lifted where the plaintiff seeks to obtain the same discovery that is already being produced in a related action.

2.      Particularized discovery is necessary to prevent undue prejudice to Plaintiff because the plaintiff in a related action is getting a "head start" on discovery.

3.      Particularized discovery is necessary to preserve evidence because the defendant in this action has been sanctioned by regulators for failing to retain responsive electronic communications and violating applicable record-keeping requirements.

## PRELIMINARY STATEMENT

Plaintiff requests that the PSLRA's discovery stay be modified to permit him to obtain copies of documents and materials that JPMorgan Chase & Co. ("JPMC" or the "Company") and the other defendants in the Illinois Action will be producing.  As set forth below, the history of the PSLRA indicates that Congress enacted the discovery stay (1) to protect corporate defendants from being forced to settle securities class actions simply to avoid the high cost of discovery, and (2) to prevent plaintiffs from engaging in a "fishing expedition" to find some sustainable claim not alleged in the complaint.  Neither rationale is contravened by Plaintiff's request to modify the discovery stay

because Plaintiff primarily seeks to obtain the same discovery that the Illinois Action defendants are already collecting to produce in that case, where a motion to dismiss has already been denied.

Moreover, absent modification of the stay, Plaintiff and the class of investors he seeks to represent will be unduly prejudiced by the inability to make informed decisions about litigation strategy. Absent relief from the stay, Plaintiff will be the only party among the various interested parties in active litigation pending against JPMC-related defendants without access to documents relevant to the related proceedings.

Courts have repeatedly granted the relief sought by Plaintiff in securities class actions, such as those involving WorldCom, Inc., BankAmerica Corp., Tyco International and Enron. In those cases the courts found that the purposes of the PSLRA's discovery stay (*i.e.*, saving defendants from the burdens of unnecessary discovery and preventing plaintiffs from engaging in "fishing expeditions") would not be offended by modification of the stay. This case presents an even more appropriate situation for relief from the stay, given a recent multi-million-dollar penalty imposed by various regulators on JPMC's investment bank subsidiary—the defendant in this case—for failing to keep records of all e-mail and other communications and for providing incomplete records to regulators.

Accordingly, Plaintiff requests that the Court modify the PSLRA's discovery stay to permit him to receive those documents that are being produced to the plaintiff in the Illinois Action.

## FACTUAL BACKGROUND

On January 14, 2004 JPMC announced that Bank One Corporation ("Bank One") was merging into JPMC through the issuance of 1.32 JPMC shares in exchange for each outstanding share of Bank One (the "Merger"). This exchange ratio represented a 14%

premium over Bank One's pre-announcement market value.  On May 25, 2004, JPMC shareholders approved the Merger.  However, it was later revealed that JPMC's CEO had rejected the opportunity to merge Bank One into JPMC without paying any premium solely as a result of his desire to serve as CEO of the combined Company for two more years.  JPMC's wholly-owned investment bank subsidiary J.P. Morgan Securities, Inc. ("JPMSI") served as JPMC's financial advisor in connection with the Merger and was aware of the no-premium offer.  Nevertheless, in exchange for tens of millions of dollars, JPMSI falsely opined as to the fairness of the Merger and consented to the incorporation of its fairness opinion into the proxy statement disseminated to JPMC's shareholders in order to secure approval of the merger.  Neither the fairness opinion nor the proxy statement disclosed the no-premium offer despite the obvious import any reasonable investor would place on such information.

On February 15, 2005, JPMSI was fined $2.1 million for failing to keep records of all e-mail and other electronic communications and for providing incomplete records to New York Stock Exchange ("NYSE") investigators.  The NYSE, the U.S. Securities and Exchange Commission ("SEC") and NASD (f/k/a the National Association of Securities Dealers) alleged that JPMSI represented it had provided all responsive e-mails as part of an investigation into a broker conflict-of-interest case covering the years 1999 through 2002.  However, regulators found that JPMSI did not retain all of its communications for the required three years.  In particular, the NYSE found that JPMSI "lacked adequate systems or procedures for the preservation of electronic mail communications."  *See* "NYSE Regulation Fines J.P. Morgan Securities $2.1 million" (Ex. D hereto).  The SEC findings echoed this conclusion, noting that the "failure to retain all responsive e-mail was attributable to the following causes: certain backup tapes

containing responsive e-mail could not be located in the storage facilities; certain backup tapes were damaged, contained data or media errors, or otherwise could not be restored; and [JPMSI] failed to create or properly maintain backup tapes for certain time periods." *See* Securities and Exchange Commission Release No. 51200 (Feb. 14, 2005) (Ex. E hereto).

## ARGUMENT

## I.   COURTS MAY MODIFY THE PSLRA'S DISCOVERY STAY

The PSLRA provides that discovery in a securities fraud class action is stayed while a motion to dismiss is pending.

> In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, <u>unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.</u>

15 U.S.C. § 78u-4(b)(3)(B) (emphasis added).  The legislative history of the PSLRA indicates that Congress enacted the discovery stay to prevent plaintiffs from filing securities class actions with the intent to use the discovery process to force a coercive settlement or to engage in a fishing expedition for evidence to support claims not yet alleged.  *See In re Worldcom, Inc. Sec. Litig.*, 234 F. Supp. 2d 301, 305 (S.D.N.Y. 2002) (citing H. Rep. No. 104-369, at 37 (1995); S. Rep. No. 104-98, at 14 (1995)); *In re Lernout & Hauspie Sec. Litig.*, 214 F. Supp. 2d 100, 106 (D. Mass. 2002).

Thus, the PSLRA provides courts with the discretion to allow discovery to go forward before a judicial determination of the sufficiency of a plaintiff's complaint.  *See, e.g.*, *In re Silicon Graphics, Inc. Sec. Litig.*, 970 F. Supp. 746, 760 (N.D. Cal. 1997) ("the discovery stay provision provides courts with some discretion to permit necessary discovery in advance of a ruling on dismissal"); *In re Grand Casino, Inc. Sec. Litig.*, 988

F. Supp. 1270, 1272 (D. Minn. 1997) ("If...Congress had intended an absolute stay on discovery, it would not have authorized a judicial reprieve from such a stay, when a reprieve is needed.").  Indeed, courts have not hesitated to modify the discovery stay when doing so would not frustrate the above-stated purposes.  *See, e.g.*, *WorldCom*, 234 F. Supp. 2d at 305 (granting motion for limited discovery, since "[n]either rationale underlying the PSLRA's discovery stay provision is contravened by plaintiffs' application"); *Lernout & Hauspie*, 214 F. Supp. 2d at 106 (permitting limited discovery where "[n]either of the perceived abuses addressed by Congress is present"); *Vacold LLC and Immunotherapy, Inc. v. Cerami*, 2001 WL 167704, at *7 (S.D.N.Y. Feb. 16, 2001) (discovery stay modified where request "does not implicate a concern that plaintiffs are seeking discovery to coerce a settleme nt or to support a claim not alleged in the Complaint") (Ex. F hereto).

As set forth below, modifying the discovery stay in this action will not raise any of the concerns expressed by Congress when enacting the PSLRA.

## II.     MODIFYING THE DISCOVERY STAY IN THIS ACTION WILL PLACE NO UNDUE BURDEN ON THE DEFENDANT

When considering whether to modify the PSLRA discovery stay, "it is customary to consider whether a production request places an undue burden on the party from which it is requested."  *WorldCom*, 234 F. Supp. 2d at 306.  Plaintiff essentially seeks nothing more than access to the very same documents that have been or will be produced in the Illinois Action.  As several other cases have held, complying with this request will place no additional burden upon the defendants in the Illinois Action since they will already be producing documents to other parties, and therefore the PSLRA's stay should be modified to permit this discovery.

For example, in the *WorldCom* securities class action, the court modified the PSLRA's stay of discovery to allow the securities action plaintiffs to obtain documents that had already been produced by defendants to federal prosecutors, the SEC, and the company's creditors' committee, as well as documents that would soon be produced to the plaintiffs in a related ERISA action. The court found that "[n]either rationale underlying the PSLRA's discovery stay provision [was] contravened by plaintiffs' application," since the plaintiffs "clearly had not filed the complaint to initiate a 'fishing expedition' in search of a sustainable claim or to force defendants to settle an otherwise frivolous class action." *WorldCom*, 234 F. Supp. 2d at 305. Therefore, the court concluded:

> Where, as here, plaintiffs are not in any sense engaged in a fishing expedition or an abusive strike suit and do not thereby act in contravention of the fundamental rationales underlying the PSRLA discovery stay . . . defendants cannot call upon the ambiguous notion of "particularized" discovery to bend Section 78u-4(b)(3)(B) to a purpose for which it was not intended.

*Id.* at 306.

In the *Enron* securities litigation, the court granted a similar request to modify the automatic stay of discovery, permitting the plaintiffs to obtain discovery from Enron of certain documents that had already been, or would be, made available to the government. The court explained that the PSLRA's discovery stay "was designed to prevent fishing expeditions in frivolous securities lawsuits," and "was not designed to keep secret from counsel in securities cases documents that have already become available for review by means other than discovery in the securities case." *Newby v. Enron*, No. H-01-3624, slip op. at 3-4 (S.D. Tex. Feb. 27, 2002) (Ex. G hereto). *See also In re Flir Systems, Inc. Sec. Litig.*, 2000 WL 33201904, at *3 (D. Or. 2000) ("The PSLRA is a shield intended to

protect security-fraud defendants from costly discovery requirements . . . not . . . a sword . . .") (Ex. H hereto).

The *Enron* court again modified the discovery stay several months later to permit the securities action lead plaintiffs to receive additional documents that Enron had produced in response to inquiries or investigations by Congress, legislative branch committees, and the executive branch (including the SEC and the Department of Justice), as well as transcripts of witness interviews and depositions related to those inquiries. *In re Enron Corp. Sec. Derivative & ERISA Litig.*, 2002 WL 31845114 (S.D. Tex. Aug. 16, 2002) (Ex. I hereto). The court rejected defendants' argument that the PSLRA prohibited such discovery, and directed that the materials be produced to the lead plaintiff because "[i]n a sense this discovery has already been made, and it is merely a question of keeping it from a party because of the strictures of a statute designed to prevent discovery abuse." *Id*. at *2. The court found that the PSLRA discovery stay was designed to protect defendants from unnecessary discovery costs, but that the burden was slight because Enron had already found, reviewed, and organized the documents. *Id*.

Similarly, in *In re BankAmerica Corp. Securities Litigation*, MDL No. 1264, Order (E.D. Mo. July 19, 1999) (Ex. J hereto), plaintiffs in a federal securities class action asked that the discovery stay be modified to allow them to participate in ongoing discovery in a related state securities action, claiming that the state plaintiffs were getting a "head start" on discovery. *Id*. at 2. The court granted the motion, finding that the federal plaintiffs would be prejudiced if the stay remained in place while discovery was proceeding in the state case. *Id*. at 3. The court allowed the federal plaintiffs to conduct discovery to the extent the state court plaintiffs were conducting discovery, and ordered that "[t]he federal plaintiffs shall be allowed access to all documents produced to the

[state] plaintiffs under the existing requests for production propounded in the [state] actions as well as any other discovery that occurs pursuant to any coordinated discovery order before the resolution of defendants' motion to dismiss." *Id*. at 4.

In this case, as in the decisions set forth above, Plaintiff seeks to obtain the discovery that the defendant and its parent company are collecting to produce to other parties. *See In re Tyco Int'l, Ltd. Multidistrict Litig.*, No. 02-MD-1335, 2003 WL 23830479, at *4 (D.N.H. Jan. 29, 2003) (ordering that documents produced in related derivative and ERISA actions also be made available to the securities action plaintiffs) (Ex. K hereto).  Specifically, Plaintiff seeks to obtain copies of the documents that will be produced in the Illinois Action.  Thus, modifying the automatic stay to permit this discovery would not impose any real costs on the defendant since the documents have already been (or will be) reviewed for the purposes of responding to other discovery requests in parallel proceedings.

Accordingly, Plaintiff requests that the Court modify the discovery stay.

## III.    PLAINTIFF WILL BE UNDULY PREJUDICED WITHOUT MODIFICATION OF THE DISCOVERY STAY

The Plaintiff is also entitled to relief from the PSLRA stay because continued application of the stay would constitute "undue prejudice."  "Undue prejudice" means "improper or unfair detriment" and must be determined on a case-by-case basis. *Medical Imaging Centers of America v. Lichtenstein*, 917 F. Supp. 717, 720-21 (S.D. Cal. 1996). The undue prejudice standard amounts to "something less than irreparable harm." *Ibid.*; *see also Lernout & Hauspie*, *supra*, 214 F. Supp. 2d at 107.

Discovery has commenced in the Illinois Action.  Thus, if the stay remains in place in this action, another suit concerning the Merger will be moving ahead while discovery in this action remains at a standstill.

In *WorldCom*, the court found that the documents produced to other parties must also be produced to the securities action plaintiffs "in order to prevent undue prejudice to the interests of the putative investor class…."  234 F. Supp. 2d at 305.  The court explained that without those documents, the lead plaintiff "would be prejudiced by its inability to make informed decisions about its litigation strategy in a rapidly shifting landscape," and "would essentially be the only major interested party in the criminal and civil proceedings against WorldCom without access to documents that currently form the core of those proceedings."  *Id*.  The same is true in this case.

Finally, the fact that JPMSI has been sanctioned by multiple regulators for destruction of potentially relevant documents also weighs in favor of a reasonable modification of the discovery stay.  JPMSI's documented unreliability gives rise to a well-founded concern that documents relevant in this litigation may already have been destroyed or misplaced, inadvertently or otherwise.  Any such problems should be identified earlier rather than later to be resolved effectively.

Thus, the automatic stay should be modified to the extent necessary to place Plaintiff on a level playing field with other parties, so as to prevent the type of "undue prejudice" that the PSLRA gives the courts discretion to prevent.

## <u>CONCLUSION</u>

For the foregoing reasons, the PSLRA's discovery stay should be modified to permit Plaintiff to obtain discovery made available to the plaintiff in the Illinois Action.

DATED:      June 22, 2006            Respectfully submitted,
                                     /s/ *Joseph N. Gielata*
                                     JOSEPH N. GIELATA (# 4338)
                                     Attorney at Law
                                     501 Silverside Road, No. 90
                                     Wilmington, Delaware 19809
                                     (302) 798-1096
                                     *Attorney for Plaintiff Samuel Hyland*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on June 22, 2006, I electronically filed the *OPENING BRIEF IN SUPPORT OF PLAINTIFF SAMUEL I. HYLAND'S MOTION TO MODIFY THE PSLRA'S STAY OF DISCOVERY* with the Clerk of Court using CM/ECF which will send notification of such filing to:

Michael R. Robinson, Esq.
**RICHARDS LAYTON & FINGER, P.A.**
One Rodney Square
Wilmington, DE  19801

*Counsel for Defendant*

 /s/ *Joseph N. Gielata*
Joseph N. Gielata (# 4338)