## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

SAMUEL I. HYLAND,
      individually and on behalf of all
          others similarly situated,

    *Plaintiff*,

          v.

J.P. MORGAN SECURITIES, INC.,
    a Delaware corporation,

    *Defendant*.

Civil Action No. 06-224 JJF

**CLASS ACTION**

### REPLY BRIEF IN SUPPORT OF THE
### MOTION BY PLAINTIFF SAMUEL HYLAND
### FOR APPOINTMENT AS LEAD PLAINTIFF
### AND APPOINTMENT OF LEAD COUNSEL

Dated: July 3, 2006

JOSEPH N. GIELATA (# 4338)
Attorney at Law
501 Silverside Road, No. 90
Wilmington, Delaware 19809
(302) 798-1096

*Attorney for Plaintiff Samuel Hyland*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I.     Hyland is the "Most Adequate Plaintiff" and the
     Hyland Motion Should be Granted as Unopposed. . . . . . . . . . . . . . . . . . . . . . . 2

II.   The Plain Language of the PSLRA Sets Forth
     Strict Deadlines for Class Members and the Court. . . . . . . . . . . . . . . . . . . . . . . 6

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

# TABLE OF AUTHORITIES

**Cases:**                                                                                                   **Page(s)**

*Dewitt v. Penn-Del Dir. Corp.*,
    912 F. Supp. 707 (D. Del. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

*Fields v. Biomatrix, Inc.*,
    198 F.R.D. 451 (D.N.J. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

*Greebel v. FTP Software Inc.*,
    939 F. Supp. 57 (D. Mass. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Holley v. Kitty Hawk, Inc.*,
    200 F.R.D. 275 (N.D. Tex. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

*Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*,
    523 U.S. 26 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7


**Statutes and Rules:**

15 U.S.C. § 78u-4(a)(3)(B). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .*passim*

28 U.S.C. § 1407. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Fed. R. Civ. P. 6(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Fed. R. Civ. P. 42(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Plaintiff Samuel I. Hyland ("Hyland") submits this Reply Brief in further support of his Motion For Appointment as Lead Plaintiff and Appointment of Lead Counsel.

## PRELIMINARY STATEMENT

The PSLRA establishes the step-by-step procedure for the selection of a lead plaintiff to oversee class actions brought under the federal securities laws. In this case, the deadline for lead plaintiff motions was June 12, 2006. Hyland filed the only lead plaintiff motion (the "Hyland Motion"). Thus, he is *ipso facto* the presumptive lead plaintiff. The deadline for any answering brief seeking to rebut this statutory presumption was June 26, 2006—however, no such opposition was filed. However, both J.P. Morgan Securities, Inc. ("JPMSI"), the defendant in this case, and Dr. Stephen Blau ("Blau"), an intervenor in a separate case, submitted letters to the Court baselessly contending that no answering brief was necessary at this time. As no motion or opposition to the Hyland Motion has been filed and neither Blau nor JPMSI has standing to oppose Hyland's appointment as lead plaintiff in this action, Hyland respectfully requests that the Court disregard the letter submissions by JPMSI and Blau and grant the Hyland Motion as unopposed. Granting the Hyland Motion is appropriate for the following reasons:

*First*, the PSLRA provides an unambiguous timetable for class members and the Court to select a lead plaintiff. Hyland has adhered to the statutory deadlines and submitted a lead plaintiff motion that satisfies the PSLRA in all respects. Not one person—let alone a person with standing—has come forward with proof to rebut the statutory presumption that Hyland should be appointed lead plaintiff in this case.

*Second*, both JPMSI and Blau lack standing to oppose the Hyland Motion. The PSLRA does not permit defendants to oppose lead plaintiff motions. Rather, the PSLRA

plainly limits lead plaintiff motions and oppositions thereto to members of the putative

plaintiff class—and Blau does not claim to be a member of the putative class in this case.

*Third*, the Court should not countenance Blau's baseless position that he can (1)

ignore the deadline to oppose the Hyland Motion while (2) informally criticizing Hyland

in a letter submission and (3) unilaterally derail the PSLRA's lead plaintiff appointment

process merely by filing a fatally-flawed motion to consolidate this action with another

action involving *non-overlapping* legal claims against *different* defendants. Blau should

not be rewarded for again failing to protect the interests of JPMC shareholders, and

Hyland is hardly obliged to stand aside as valuable claims succumb to the applicable

statute of limitations.

Accordingly, as the Hyland Motion satisfies the relevant provisions of the PSLRA

and no party with standing has filed an opposition, the Hyland Motion should be granted.

## ARGUMENT

### I.    Hyland is the "Most Adequate Plaintiff" and the Hyland Motion Should be Granted as Unopposed

No party—let alone one with standing—has submitted any substantive opposition

to the Hyland Motion. Hyland's opening brief (D.I. 14) sets forth the applicable

standards and presents sufficient grounds for appointment of Hyland as lead plaintiff in

this case. As Hyland is the only class member to have filed a lead plaintiff motion within

the statutory timeframe, the PSLRA directs that the Court "adopt a presumption" that

Hyland is the "most adequate plaintiff." § 78u-4(a)(3)(B)(iii)(I). This presumption:

> may be rebutted <u>only upon proof by a member of the purported plaintiff class</u> that the presumptively most adequate plaintiff--
>
>    (aa) will not fairly and adequately protect the interests of the class; or

(bb) is subject to unique defenses that render such
plaintiff incapable of adequately representing the class.

§ 78u-4(a)(3)(B)(iii)(II) (emphasis added).

However, no such "proof" has been provided, let alone "by a member of the purported plaintiff class." *Ibid.* Accordingly, Hyland should be appointed lead plaintiff. Neither of the letter submissions filed in response to the Hyland Motion should be considered because (1) they are not proper answering briefs and (2) neither JPMSI nor Blau has standing to oppose the Hyland Motion.

*First*, under Local Rule 7.1.2(a)(2), "the answering brief…shall be served and filed no later than 10 days after service and filing of the opening brief[.]" As Hyland's opening brief was filed on June 12, 2006, the answering brief(s), if any, should have been served and filed no later than June 26, 2006 (excluding Saturdays and Sundays per Fed. R. Civ. P. 6(a)). The letter submissions filed by JPMSI and Blau do not qualify as substantive answering briefs. Thus, JPMSI and Blau have waived the opportunity to file an answering brief in opposition to the Hyland Motion.

*Second*, JPMSI and Blau lack standing to oppose the Hyland Motion. The PSLRA provides that only purported class members may participate in the lead plaintiff selection process. For example, only class members may offer rebuttal evidence (15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) or conduct limited discovery concerning the adequacy of the presumptive lead plaintiff (15 U.S.C. § 78u-4(a)(3)(B)(iv)). Similarly, "the court shall consider any motion ***made by a purported class member*** in response to the [notice to class members] including any motion ***by a class member*** who is not individually named as a plaintiff in the complaint or complaints." 15 U.S.C. § 78u-4(a)(3)(B)(i) (emphasis added).

- 3 -

Squarely rejecting a defendant's substantive challenge to a lead plaintiff motion, the court in *Greebel v. FTP Software Inc.*, 939 F. Supp. 57, 60 (D. Mass. 1996), reviewed the above-mentioned PSLRA sections and concluded: "The text of [§ 78u-4(a)(3)(B)] clearly indicates that this issue is one over which only potential plaintiffs may be heard." Thus, JPMSI, as the defendant, clearly lacks standing to "weigh in" on the selection of lead plaintiff in this case. *See Holley v. Kitty Hawk, Inc.*, 200 F.R.D. 275, 277 (N.D. Tex. 2001) ("The plain language of the statutory provisions does not provide for the defendants to weigh in on who should represent the plaintiffs.") (citing cases). *But cf. Fields v. Biomatrix, Inc.*, 198 F.R.D. 451, 454 (D.N.J. 2000) (observing that the court may, *sua sponte*, consider any issues raised by defendants). Further, as any defendant would naturally prefer the least zealous lead plaintiff candidate, it would be absurd for the defendant to have a role in selecting the lead plaintiff in the very suit seeking damages against it.

Blau also lacks standing because there is no indication that he is a member of the plaintiff class. Thus, setting aside for a moment the challenged bona fides of her "client," Blau's attorney provides no basis in her letter submission to suggest that Blau has any standing to oppose the Hyland Motion. Unless Blau (1) owned stock of JPMC as of January 14, 2004 *and* (2) thereafter sold any or all such stock, he is not a member of the class asserted in the complaint. (D.I. 2 at ¶ 43.)

Absent standing, it is respectfully submitted that neither Blau nor JPMSI should be heard. Also, as argued above, if Blau or JPMSI wished to oppose the Hyland Motion (and had standing to do so), the appropriate mechanism would have been to file an answering brief. The letter submissions should simply be disregarded as procedurally improper and inadequate substitutes for answering briefs.

Moreover, the letter submissions, even if considered, are devoid of any compelling argument to ignore the PSLRA's unequivocal mandate. JPMSI contends that the Hyland Motion is "premature" (D.I. 17 at 1) and not "ripe" (*id.* at 2) without reconciling these vague assertions against the clear timetable for lead plaintiff selection in the PSLRA. Of course, the plain language of the statute is controlling. Notice was duly published, lead plaintiff motions were due to be filed, and now a lead plaintiff for this case must be appointed. JPMSI implicitly suggests that the Court should cast aside the PSLRA's timetable, as if the statute does not mean what it says.

Blau's hodgepodge of arguments fares no better. *First*, Blau contends that no response to the Hyland Motion is necessary due to the pendency of his motion to consolidate as well as Hyland's motion for centralization before the Judicial Panel on Multi-District Litigation (the "JPML"). This is nonsense. Nothing in the PSLRA or the JPML Rules—or any other source of authority, for that matter—entitles Blau to simply ignore a lead plaintiff motion. Whether *the Court* may defer ruling on the motion(s) is an entirely different question.

*Second*, Blau contends that Hyland "is improperly attempting to evade this Court's stay order in the 05-162 Action and to oust the Illinois District Court of jurisdiction over Dr. Blau's action." (D.I. 15 at 2.) Missing from this overheated assertion is any explanation of just what the instant case, involving *non-overlapping* legal claims against a *different* defendant, has to do with Blau's case. To the extent that Blau's class action fails to protect the interests of JPMC shareholders, Hyland is hardly obliged to stand aside as valuable claims succumb to the applicable statute of limitations.

*Third*, Blau contends that the outcome of the JPML's ruling on Hyland's motion for centralization may moot the Hyland Motion. However, if the JPML grants the

motion, it simply means that pre-trial proceedings in related cases will be conducted

before a single court.  *It would not have any other effect.*  Any motions pending if and

when centralization is ordered will be ruled upon by the transferee court.  Accordingly,

there is no potential for mootness resulting from the JPML's ruling.

 *Finally*, Blau bizarrely contends "it would be inefficient for briefing to go forward

on Mr. Hyland's lead plaintiff motion when Dr. Blau's motion [to consolidate] has been

fully briefed and defendant's time to respond to the complaint is pegged to the resolution

of the MDL motion."  (D.I. 15 at 3.)  It is difficult to discern how JPMSI's deadline to

respond to the complaint is at all relevant to the schedule for briefing a motion.  The

inefficiency argument is also puzzling—after all, Hyland has timely responded to Blau's

motions without claiming, as Blau does here, that to respond would simply be a waste of

time.  It is axiomatic that litigants should respond to motions within the allotted time

period or otherwise be deemed to have waived their right to be heard.  Moreover,

inefficiency is certainly not a compelling basis to disregard the PSLRA.

 Accordingly, for the reasons stated in Hyland's opening brief, and in view of the

absence of any cognizable opposition, the Hyland Motion should be granted.

## II. The Plain Language of the PSLRA Sets Forth Strict Deadlines for Class Members and the Court

 As explained below, the PSLRA directs this Court to rule upon the Hyland

Motion on or before July 11, 2006.  Under the PSLRA,

> Not later than 90 days after the date on which a notice is
> published [announcing the filing of the suit], the court shall
> consider any motion made by a purported class member in
> response to the notice, including any motion by a class
> member who is not individually named as a plaintiff in the
> complaint or complaints, and shall appoint as lead plaintiff
> the member or members of the purported plaintiff class….

15 U.S.C. § 78u-4(a)(3)(B)(i) (emphasis added).

- 6 -

JPMSI contends in its letter submission that the 90-day period should be extended due to the pendency of Hyland's JPML motion. (D.I. 17.) The 90-day period may be continued only as follows:

> If more than one action on behalf of a class asserting substantially the same claim or claims arising under this title has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the court shall not make the [lead plaintiff] determination required by clause (i) until after the decision on the motion to consolidate is rendered. As soon as practicable after such decision is rendered, the court shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions in accordance with this paragraph.

15 U.S.C. § 78u-4(a)(3)(B)(ii) (emphasis added).

However, a request that the JPML transfer or coordinate suits pursuant to 28 U.S.C. § 1407 is not the same as, or even equivalent to, a motion to consolidate under Fed. R. Civ. P. 42(a). Indeed, centralization under § 1407 is fundamentally different from consolidation under Rule 42(a). Whereas Rule 42(a) consolidation results in "a joint hearing or trial of any or all the matters in issue in the [consolidated] actions," cases centralized under § 1407 must be remanded for trial to the various districts from which they were transferred. *See Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998) (construing § 1407's strict remand requirement). Accordingly, Hyland respectfully submits that his motion for centralization before the JPML does not qualify as a triggering "motion to consolidate" within the meaning of § 78u-4(a)(3)(B)(ii).

Blau points out in a letter submission (D.I. 15) that he has filed a motion to consolidate (D.I. 7) this case with a separate action previously stayed by this Court. Although Blau does not cite to any authority, Hyland respectfully submits that Blau's motion to consolidate does not trigger § 78u-4(a)(3)(B)(ii) because it is fatally defective for failure to comply with Local Rule 7.1.1, providing that "the Court will not entertain

- 7 -

any non-dispositive motion…unless counsel for the moving party files with the Court, at the time of filing the motion, a statement showing that the attorney making the motion has made a reasonable effort to reach agreement with the opposing attorneys on the matters set forth in the motion." *See, e.g., Dewitt v. Penn-Del Dir. Corp.*, 912 F. Supp. 707, 713 (D. Del. 1996) ("Accordingly, in light of the blatant disregard for Local Rule 7.1.1, as well as for this Court's own Order, the Court will grant defendants' motion to strike plaintiff's motion to compel discovery responses."). No such statement was filed with Blau's non-dispositive motion to consolidate; nor did Blau's attorney(s) make *any* effort whatsoever to reach agreement with the undersigned counsel prior to filing that motion. Accordingly, Blau's motion to consolidate should be disregarded and § 78u-4(a)(3)(B)(ii) is not triggered.

As this Court need not and should not entertain Blau's motion to consolidate, the PSLRA directs that the Hyland Motion should be decided "[n]ot later than 90 days after the date on which a notice is published[.]" 15 U.S.C. § 78u-4(a)(3)(B)(i). The relevant notice was published on April 11, 2006 (D.I. 14 at 9), and therefore the Hyland Motion should be considered, and a lead plaintiff appointed, on or before July 11, 2006.

Furthermore, with respect to the claims raised in this case, there is not "more than one action on behalf of a class asserting substantially the same claim or claims…." 15 U.S.C. § 78u-4(a)(3)(B)(ii). Rather, there is *only one action* asserting claims (1) against JPMSI (2) on behalf of sellers of JPMC stock for: (3) JPMSI's violations of Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder, (4) aiding and abetting breach of fiduciary duty, and (5) civil conspiracy. Therefore, § 78u-4(a)(3)(B)(ii) is inapplicable because its threshold condition is not satisfied here even if (1) Hyland's JPML motion could be characterized as a "motion to consolidate" or (2) the

- 8 -

Court chose to entertain Blau's motion to consolidate despite the blatant failure to comply with Local Rule 7.1.1. Accordingly, there is no basis to depart from the mandatory 90-day period set forth in § 78u-4(a)(3)(B)(i).

## CONCLUSION

For all of the foregoing reasons, Hyland should be appointed lead plaintiff in this matter on behalf of the class and his choice of counsel should be approved.

DATED:    July 3, 2006              Respectfully submitted,

                                   /s/ Joseph N. Gielata
                                   JOSEPH N. GIELATA (#4338)
                                   Attorney at Law
                                   501 Silverside Road, No. 90
                                   Wilmington, Delaware 19809
                                   (302) 798-1096

                                   Attorney for Plaintiff Samuel Hyland

## CERTIFICATE OF SERVICE

I hereby certify that, on July 3, 2006, I electronically filed the *REPLY BRIEF IN SUPPORT OF THE MOTION BY PLAINTIFF SAMUEL HYLAND FOR APPOINTMENT AS LEAD PLAINTIFF AND APPOINTMENT OF LEAD COUNSEL* with the Clerk of Court using CM/ECF which will send notification of such filing to:

> Michael R. Robinson, Esq.
> **RICHARDS LAYTON & FINGER, P.A.**
> One Rodney Square
> Wilmington, DE  19801
>
> *Counsel for Defendant*

>  /s/ *Joseph N. Gielata*     
> Joseph N. Gielata (# 4338)