## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
SAMUEL I. HYLAND, individually and on      :
behalf of all others similarly situated,   :
                                           :
        Plaintiff,                         :
                                           :
             v.                            :    Civil Action No. 06-0224 (JJF)
                                           :
J.P. MORGAN SECURITIES INC., a             :
Delaware corporation,                      :
                                           :
        Defendant.                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
```

## DEFENDANT'S MEMORANDUM OF LAW IN RESPONSE TO PLAINTIFF'S MOTION TO LIFT THE PSLRA'S DISCOVERY STAY

**OF COUNSEL:**

Nancy E. Schwarzkopf
JPMORGAN CHASE LEGAL DEPARTMENT
1 Chase Manhattan Plaza, 26th Floor
New York, New York 10081
(212) 552-3585

Michael A. Cooper
Sharon L. Nelles
Keith Levenberg
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-3712

Jesse A. Finkelstein (DSB #1090)
Michael R. Robinson (DSB #4452)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
finkelstein@rlf.com
robinson@rlf.com
(302) 651-7700

*Counsel for Defendant*

Dated: July 7, 2006

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................................................ii

STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS .........................1

SUMMARY OF ARGUMENT .......................................................................................2

ARGUMENT....................................................................................................................2

    I.  The Discovery Plaintiff Seeks is Not Particularized ...............................................3

    II.  Modifying the Discovery Stay is Not Necessary to Preserve Evidence and, in Fact, Would Have No Effect on the Preservation of Evidence .........................4

    III.  The Discovery Stay Does Not Work Any Undue Prejudice to Plaintiff, But Lifting the Stay Would Greatly Prejudice Defendants ..........................................6

    IV.  There Are No Exceptional Circumstances in this Case that Would Warrant Lifting the Discovery Stay ......................................................................9

CONCLUSION...............................................................................................................11

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*In re AOL Time Warner, Inc. Sec. & ERISA Litig.*,
  No. 02-5575, 2003 U.S. Dist. LEXIS 12846 (S.D.N.Y. July 25, 2003) ........8, 9–10

*In re CFS-Related Sec. Fraud Litig.*,
  179 F. Supp. 2d 1260 (N.D. Okla. 2001) ................................................................5

*In re Comdisco Sec. Litig.*,
  166 F. Supp. 2d 1260 (N.D. Ill. 2001) ...................................................................3

*Houlihan v. Andrews*,
  347 F. Supp. 2d 538 (S.D. Ohio 2004) ...................................................................3

*Podany v. Robertson Stephens, Inc.*,
  F. Supp. 2d 375, 378 (S.D.N.Y. 2004) ..................................................................10

*In re Royal Ahold N.V. Sec. & ERISA Litig.*,
  220 F.R.D. 246, 250–53 (D. Md. 2004) .................................................................10

*Sarantakis v. Gruttadauria*,
  No. 02-1609, 2002 U.S. Dist. LEXIS 14349 (N.D. Ill. Aug. 5, 2002) ...........2, 5–8

*Sedona Corp. v. Ladenburg Thalmann & Co.*,
  2005 U.S. Dist. LEXIS 23905 (S.D.N.Y. Oct. 14, 2005) .......................................2

*Selbst v. McDonald's Corp.*,
  No. 04-2422, 2006 U.S. Dist. LEXIS 8862 (N.D. Ill. Mar. 1, 2006) ......................5

*In re Smith Barney*,
  No. 05-7583, 2006 U.S Dist. LEXIS 42646 (S.D.N.Y. June 26, 2006) .......7, 9–10

*Taft v. Ackermans*,
  No. 02-7951, 2005 U.S. Dist. LEXIS 6340 (S.D.N.Y. Apr. 13, 2005) .................10

*In re Trump Hotel S'holder Deriv. Litig.*,
  No. 96-7820, 1997 U.S. Dist. LEXIS 11353 (S.D.N.Y. Aug. 5, 1997)...................6

*In re Unum Provident Corp. Sec. Litig* ,
  No. 03-0049, 2003 U.S. Dist. LEXIS 24412 (E.D. Tenn. Dec. 29, 2003).............. 8

*Vacold LLC v. Cerami*,
  No. 00-4024, 2001 U.S. Dist. LEXIS 1589 (S.D.N.Y. Feb. 16, 2001)....................9

*In re Vivendi Universal, S.A. Sec. Litig.*,
    381 F. Supp. 2d 129 (S.D.N.Y. 2003)................................................4, 9

*In re Williams Sec. Litig.*,
    No. 02-0072, 2003 WL 22013464 (N.D. Okla. May 22, 2003).................10

*In re WorldCom, Inc. Sec. Litig.*,
    234 F. Supp. 2d 301 (S.D.N.Y. 2002)................................................9–10

## STATUTES AND LEGISLATIVE HISTORY

15 U.S.C. § 78u-4(b)(3)(B)................................................1, 2, 6

15 U.S.C. § 78u-4(b)(3)(C)(i)................................................5

H.R. Conf. Rep No. 104-369,
    104th Cong. 1st Sess. 32 (1995), *reprinted in* 1995 U.S.C.C.A.N. 736 ..............9

## STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS

About three months ago, plaintiff filed the instant complaint against J.P. Morgan Securities Inc. ("JPMSI"), alleging that it violated § 10(b) of the Securities Exchange Act in connection with the 2004 merger of its parent company, J.P. Morgan Chase & Co. ("JPMC"), with Bank One Corp. Plaintiff simultaneously moved before the Judicial Panel on Multidistrict Litigation to consolidate the action with *Blau v. Harrison*, No. 04-6592, an action pending in the Northern District of Illinois against JPMC and current and former directors challenging the merger under § 14(a) of the Securities Act, and *Hyland v. Harrison*, No. 05-0162, the other action filed by plaintiff in this Court pursuing much the same claims as *Blau*, which this Court has stayed. Plaintiff stipulated with JPMSI to stay the deadline for responding to the complaint pending a decision on centralization by the MDL Panel. Discovery in this case is also stayed pursuant to the automatic-stay provisions of the Private Securities Litigation Reform Act. *See* 15 U.S.C. § 78u-4(b)(3)(B).

The *Blau* complaint in the Northern District of Illinois survived a motion to dismiss and a motion for interlocutory review by the Seventh Circuit. *See Blau v. Harrison*, No. 04-6592, 2006 U.S. Dist. LEXIS 19795 (N.D. Ill. Mar. 24, 2006). On May 1, 2006, the *Blau* plaintiff served a First Request for Production of Documents on defendants in that case. The close of fact discovery is scheduled for January 26, 2007. The instant motion seeks relief from the PSLRA's automatic discovery stay to grant plaintiff's counsel (who also represents plaintiffs in the stayed *Hyland v. Harrison* action) access to all discovery materials produced to the plaintiff in *Blau*. Unless this Court lifts the stay, plaintiff would not be entitled to receive this discovery material.

- 1 -

**SUMMARY OF ARGUMENT**

This Court should deny plaintiff's motion to lift the PSLRA's discovery stay because the discovery he seeks is not particularized, is not necessary to preserve evidence or prevent undue prejudice to the plaintiff, and is not justified by any extraordinary circumstances.

**ARGUMENT**

Plaintiff's ability to take discovery in this action is automatically stayed pursuant to the Private Securities Litigation Reform Act, which provides, in pertinent part:

> In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

15 U.S.C. § 78u-4(b)(3)(B). "There is no dispute that the PSLRA stay of discovery applies when an initial motion to dismiss is contemplated, but has not yet been filed." *Sedona Corp. v. Ladenburg Thalmann & Co.*, No. 03-3120, 2005 U.S. Dist. LEXIS 23905, at *6 n.1 (S.D.N.Y. Oct. 14, 2005) (collecting cases). "The mandatory stay under the PSLRA may be lifted only in exceptional circumstances." *Sarantakis v. Gruttadauria*, No. 02-1609, 2002 U.S. Dist. LEXIS 14349, at *1 (N.D. Ill. Aug. 5, 2002).

The instant motion to lift the discovery stay makes no effort whatsoever to grapple with the legal prerequisites for the motion as set forth in the PSLRA and applied by the courts. Plaintiff nowhere claims that the discovery he seeks is "particularized," makes no arguments that discovery is necessary to preserve evidence other than those

which courts have repeatedly rejected, makes no showing of potential prejudice, and does not even attempt to characterize his lawsuit as one raising "exceptional circumstances."

"The purposes of the automatic stay provision are (1) to prevent the imposition of any unreasonable burden on a defendant before disposition of a motion to dismiss the complaint; and (2) to avoid the situation in which a plaintiff sues without possessing the requisite information to satisfy the PSLRA's heightened pleading requirements, then uses discovery to acquire that information and resuscitate a complaint that would otherwise be dismissed." *Id.* at *4–*5 (*citing In re Comdisco Sec. Litig.*, 166 F. Supp. 2d 1260, 1263 (N.D. Ill. 2001)). With the pending motion, plaintiff seeks to frustrate both of those purposes.

## I.    The Discovery Plaintiff Seeks is Not Particularized.

"A discovery request meets the particularized requirement if it identifies the 'specific types of evidence that fall within its scope,' is 'directed at specific persons' and 'sufficiently limits the type of documents to be preserved.'" *Houlihan v. Andrews*, 347 F. Supp. 2d 538, 541 (S.D. Ohio 2004). Plaintiff's motion does none of these things. Far from limiting his request to "specific types of evidence," plaintiff seeks complete production of all materials to be produced in response to a voluminous, *48-part* request for production of documents in a related case, as well as any future responses to any future document requests. (Mem. at 1.) Instead of directing his request "at specific persons," plaintiff seeks to lift the stay not merely as to the defendant to this action, but as to all thirteen (corporate and individual) defendants in *Blau*. (*Id.*) And plaintiff imposes no limitation whatsoever on "the type of documents to be preserved."

II.    **Modifying the Discovery Stay is Not Necessary to Preserve Evidence and, in Fact, Would Have No Effect on the Preservation of Evidence.**

As noted, plaintiff seeks all "documents and materials that [JPMC] and the other defendants in [*Blau*] will be producing" to the plaintiffs in that case. (Mem. at 1.) The request for production of documents served by the *Blau* plaintiff defines JPMC as the company "and any of its present or former subsidiaries, divisions, subdivisions, affiliates, predecessors, successors, joint ventures, board of directors or committees thereof, present and former officers, directors, employees, representatives, agents (including, without limitation, its attorneys, accountants, auditors and advisors), and all other persons acting, purporting to act, or authorized to act on its behalf." (Pls. First Req. for Prod. of Docs. at 8.) That extremely broad definition obviously includes J.P. Morgan Securities Inc., a subsidiary of JPMC and the defendant in this case, as well as all the defendants in *Blau*. Consequently, there is no evidence realistically relevant to this case which will not be subject to production in *Blau*. And since all documents which plaintiff seeks with this motion will have been produced to Blau and his counsel and retained by JPMC, no serious argument can be made that the evidence will not be preserved. *See In re Vivendi Universal, S.A. Sec. Litig.*, 381 F. Supp. 2d 129, 130 (S.D.N.Y. 2003) ("As to any documents produced to any . . . non-parties involved in litigation [with] defendants, the defendants have again made the representation that they have copies of all of the documents . . . and that they must and will be preserved. Pursuant to this representation, I find that the loss or risk of loss of documents to be minimal.").

Insofar as plaintiff seeks to establish that JPMC or JPMSI will destroy documents *not* subject to production in *Blau*, the argument is both irrelevant—since any

- 4 -

such documents would be unaffected by this motion—and without foundation, because defendants are under preservation obligations. The PSLRA provides:

> During the pendency of any stay of discovery pursuant to this paragraph, unless otherwise ordered by the court, any party to the action with actual notice of the allegations contained in the complaint shall treat all documents, data compilations . . . and tangible objects that are in the custody or control of such person and that are relevant to the allegations, as if they were the subject of a continuing request for production of documents from an opposing party under the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(b)(3)(C)(i); *see also Sarantakis*, 2002 U.S. Dist. LEXIS 14349, at *9 (finding that "[l]ifting the stay is not 'necessary to preserve evidence'" because "[a]ll of those from whom the plaintiffs seek discovery are parties and therefore are obligated under the PSLRA to preserve evidence during the stay as if it were the subject of a pending discovery request").

Raising the specter that JPMSI will ignore this preservation obligation, as plaintiff does (Mem. at 9), does nothing to demonstrate, in the manner contemplated by the PSLRA, that there is any real danger of evidence not being preserved. "The kind of general concerns plaintiffs express about document destruction, fading memories, and the like would arise any time discovery in a case is stayed for a period of time. To lift the PSLRA stay based on such generalized concerns would open a loophole in the stay that would undermine the statutory scheme enacted by Congress." *Selbst v. McDonald's Corp.*, No. 04-2422, 2006 U.S. Dist. LEXIS 8862, at *9–*10 (N.D. Ill. Mar. 1, 2006). Along the same lines, the District Court in *In re CFS-Related Sec. Fraud Litig.*, 179 F. Supp. 2d 1260, 1265 (N.D. Okla. 2001), denied a motion to lift a stay while reasoning:

> Plaintiffs also argue that during any delay, evidence will invariably be lost, advertently or inadvertently. Plaintiffs argue that these concerns are particularly acute in this litigation because most of the evidence of alleged fraud is in the custody of the defendants or third parties over whom they

have no control. The Court finds that these types of wholly speculative assertions as to the risk of losing evidence are not sufficient to establish undue prejudice within the meaning of § 78u-4(b)(3)(B). While the Court understands Plaintiffs' genuine concern about their ability to obtain and preserve evidence, Plaintiffs have not demonstrated a specific instances in which the loss of evidence is imminent as opposed to merely speculative.

Plaintiff's memorandum in this case is similarly devoid of any specific, as opposed to merely speculative, reasons why any evidence is in danger of being lost.

### III.   The Discovery Stay Does Not Work Any Undue Prejudice to Plaintiff, But Lifting the Stay Would Greatly Prejudice Defendants.

Plaintiff contends that he will be prejudiced if he does not receive copies of discovery produced in the related case for two reasons, neither of which have ever been held to justify lifting the PSLRA's discovery stay. "Prejudice caused by the delay inherent in the PSLRA's discovery stay cannot be undue prejudice because it is prejudice which is neither improper nor unfair." *Sarantakis*, 2002 U.S. Dist. LEXIS 14349, at *6. But that is the only source of prejudice that plaintiff even begins to demonstrate.

First, plaintiff relies on insinuations that JPMSI will not preserve documents (Mem. at 9), which are immaterial for the reasons set forth above in Part II, and because it is only in rare situations that a stay of document production, without more, gives rise to prejudice. See *In re Trump Hotel S'holder Deriv. Litig.*, No. 96-7820, 1997 U.S. Dist. LEXIS 11353, at *5–*6 (S.D.N.Y. Aug. 5, 1997) ("Indeed, the possibility that prejudice will result from a stay is particularly remote in this case because the only discovery currently sought is the production of documents"). Documents can be preserved indefinitely, unlike witnesses and faulty memories.

Second, plaintiff misleadingly complains that "[a]bsent relief from the stay, Plaintiff will be the only party among the various interested parties in active litigation pending against JPMC-related defendants without access to documents relevant

- 6 -

to the related proceedings." (Mem. at 2.) In fact, there is only *one* other "active litigation

pending against JPMC-related defendants," namely the *Blau* case. Referring to *Blau*,

plaintiff observes that "if the stay remains in place in this action, another suit concerning

the Merger will be moving ahead while discovery in this action remains at a standstill."

(Mem. at 8.) Of course, the very purpose of the PSLRA's discovery stay is to keep

discovery "at a standstill" until a plaintiff satisfies a court that he has stated a claim for

relief. Plaintiff presumes he is entitled to be "on a level playing field with other parties

[*sic*]" (Mem. at 9), a tired cliché intended to obfuscate the fact that the grade of the

playing field only matters when the two parties are playing the same game, in the same

league. The PSLRA does not contemplate leveling a playing field vis-à-vis one plaintiff

who has overcome a motion to dismiss and another plaintiff who has not.

Plaintiff attempts to compensate for the discovery stay's complete lack of

undue prejudice to him by changing the topic and arguing that his motion should be

granted because it would "place no undue burden on the defendant." (Mem. at 5.) This

is utterly beside the point. In rejecting the identical argument, the Southern District of

New York reasoned:

> Plaintiffs also claim that because Defendants have previously produced
> much of the requested material to the SEC, Defendants could easily
> produce the same material to Plaintiffs. This consideration is irrelevant.
> There is no exception to the discovery stay for cases in which discovery
> would not burden the defendant. The proper inquiry under the PSLRA is
> whether the plaintiff would be unduly prejudiced by the stay, not whether
> the defendant would be burdened by lifting the stay.

*In re Smith Barney*, No. 05-7583, 2006 U.S. Dist. LEXIS 42646, at *5–*6 (S.D.N.Y.

June 26, 2006) (citation omitted).

Here, as in *Smith Barney* and *Sarantakis*, "plaintiff['s] argument that

lifting the stay will not prejudice the defendants is irrelevant and does not relieve the

plaintiffs of their burden to establish that they will suffer undue prejudice if the stay is not lifted." *Sarantakis*, 2002 U.S. Dist. LEXIS 14349, at *10. Plaintiff has not come close to carrying that burden. *See also In re Unum Provident Corp. Sec. Litig.*, No. 03-0049, 2003 U.S. Dist. LEXIS 24412, at *7–*8 (E.D. Tenn. Dec. 29, 2003) (rejecting the argument that "[p]laintiffs should be entitled to discover the evidence that has already been produced in the [related] case" because the plaintiffs "failed to demonstrate how immediate discovery of the evidence produced in [the related case] is necessary to preserve such evidence or how the discovery of such evidence is necessary to prevent undue prejudice to the [p]laintiffs").

Moreover, despite plaintiff's unconvincing assurances that he is not engaging in a "fishing expedition" (Mem. at 1, 2) in search of the required particularity his complaint now sorely lacks, clear prejudice to JPMC would result from lifting the stay. Plaintiff's counsel has already brought three fraud-based lawsuits against JPMSI and its affiliates, and has threatened to bring more, based on a single unsubstantiated sentence in a newspaper article. There is no telling what heights of litigiousness he can reach with thousands of pages of discovery material out of which to concoct a new claim or amend one previously asserted.

Lifting the stay also would prejudice JPMSI in this action as well as the defendants in plaintiff's other action, *Hyland v. Harrison*, should circumstances ever warrant lifting the stay of prosecution of that case. Courts have recognized that lifting the PSLRA's discovery stay is improper when there is a pending motion to dismiss, because plaintiffs might "attempt to use the discovery materials in opposition to the . . . motion." *In re AOL Time Warner, Inc. Sec. & ERISA Litig.*, No. 02-5575, 2003 U.S. Dist. LEXIS

12846, at *6 (S.D.N.Y. July 25, 2003); *see also Vivendi*, 381 F. Supp. 2d at 130 (denying motion to lift the discovery stay on the ground that "discovery might . . . be the subject of controversy as to a claim in the complaint if leave to replead were granted"). The motion to dismiss *Hyland v. Harrison* remains unadjudicated, and JPMSI will move to dismiss this action as well if it is not similarly stayed.

### IV.    There Are No Exceptional Circumstances in this Case that Would Warrant Lifting the Discovery Stay.

"[U]nless exceptional circumstances are present, discovery in securities actions is permitted only after the court has sustained the legal sufficiency of the complaint." *Vacold LLC v. Cerami*, No. 00-4024, 2001 U.S. Dist. LEXIS 1589, at *22 (S.D.N.Y. Feb. 16, 2001). Exceptional circumstances exist in cases where there is a particular set of facts asserted such as "the terminal illness of an important witness" which "might require the deposition of the witness prior to ruling on the motion to dismiss." H.R. Conf. Rep No. 104-369, 104th Cong. 1st Sess. 32 (1995), *reprinted in* 1995 U.S.C.C.A.N. 736. There is nothing exceptional about plaintiff's desire to take discovery without satisfying the PSLRA's prerequisites for doing so. His motion is undermined by the fact that it encompasses only documents that will already have been produced.

The contrast between this case and the exceptional circumstances present in *In re WorldCom, Inc. Sec. Litig.*, 234 F. Supp. 2d 301 (S.D.N.Y. 2002), the case plaintiff cites *passim* as the backbone of his motion, could not be more stark. The Southern District of New York has repeatedly distinguished *WorldCom* from unexceptional cases like this one:

> The precedent cited by Plaintiffs involves exceptional circumstances that are not present in this case. In *In re WorldCom, Inc. Sec. Litig.*, for

- 9 -

example, the defendant was insolvent and settlement discussions in related ERISA proceedings were moving forward by court order. Without access to the documents available to other litigants, the plaintiffs would have been at a disadvantage in competing with the ERISA litigants for a limited pool of settlement funds. Under this unique set of circumstances, the court found the PSLRA discovery stay to be unduly prejudicial.

*In re Smith Barney*, No. 05-7583, 2006 U.S. Dist. LEXIS 42646, at *5–*6 (S.D.N.Y. June 26, 2006) (citations omitted) (*citing In re Royal Ahold N.V. Sec. & ERISA Litig.*, 220 F.R.D. 246, 250–53 (D. Md. 2004) (lifting the stay as to an insolvent defendant, but upholding the stay as to a solvent defendant); *In re Williams Sec. Litig.*, No. 02-0072, 2003 WL 22013464, at *1 (N.D. Okla. May 22, 2003) (lifting the stay where defendant was "fighting for its corporate life by selling assets, reducing its work force and settling disputes with others")); *accord Taft v. Ackermans*, No. 02-7951, 2005 U.S. Dist. LEXIS 6340, at *20–*22 (S.D.N.Y. Apr. 13, 2005); *Podany v. Robertson Stephens, Inc.*, 350 F. Supp. 2d 375, 378 (S.D.N.Y. 2004); *AOL Time Warner*, 2003 U.S. Dist. LEXIS 12846 at *6.

## CONCLUSION

For the reasons stated above, defendant J.P. Morgan Securities Inc. respectfully requests that the Court deny plaintiff's motion to lift the PSLRA's automatic discovery stay.

Respectfully submitted,

**OF COUNSEL:**

Michael A. Cooper
Sharon L. Nelles
Keith Levenberg
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-3712

Nancy E. Schwarzkopf
JPMORGAN CHASE LEGAL DEPARTMENT
1 Chase Manhattan Plaza, 26th Floor
New York, New York 10081
(212) 552-3585

Jesse A. Finkelstein (#1090)
finkelstein@rlf.com
Michael R. Robinson (#4452)
robinson@rlf.com
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square, 920 North King Street
Wilmington, Delaware 19801
(302) 651-7700
*Counsel for Defendant*

Date: July 7, 2006

- 11 -

## CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2006, I caused to be electronically filed the foregoing **Defendant's Memorandum of Law in Response to Plaintiff's Motion to Life the PSLRA's Discovery Stay**, with the Clerk of Court using CM/ECF which will send notification of such filings to the following:

> Joseph N. Gielata, Esq.
> 501 Silverside Road, Suite 90
> Wilmington, DE 19809

Michael R. Robinson (DSBA No. 4452)
robinson@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700