IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAMUEL I. HYLAND,<br>    individually and on behalf of all<br>      others similarly situated,<br><br>    *Plaintiff*,<br>              v.<br><br>J.P. MORGAN SECURITIES, INC.,<br>    a Delaware corporation,<br><br>    *Defendant*. | Civil Action No. 06-224 JJF<br><br><br><br><br><br>CLASS ACTION |

**REPLY BRIEF IN SUPPORT OF
PLAINTIFF SAMUEL I. HYLAND'S MOTION TO
MODIFY THE PSLRA'S STAY OF DISCOVERY**

Dated: July 14, 2006

                              JOSEPH N. GIELATA (# 4338)
                              Attorney at Law
                              501 Silverside Road, No. 90
                              Wilmington, Delaware 19809
                              (302) 798-1096

                              *Attorney for Plaintiff Samuel Hyland*

**TABLE OF CONTENTS**

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I.    PLAINTIFF SEEKS ACCESS TO A
CLEARLY DEFINED SET OF DOCUMENTS. . . . . . . . . . . . . . . . . . . . . . . . . . .1

II.    PLAINTIFF WILL SUFFER UNDUE PREJUDICE WITHOUT
MODIFICATION OF THE DISCOVERY STAY. . . . . . . . . . . . . . . . . . . . . . . . . 4

III.    LIFTING THE DISCOVERY STAY IN THIS CASE
ADVANCES THE OBJECTIVES OF THE PSLRA. . . . . . . . . . . . . . . . . . . . . . . 6

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

## TABLE OF AUTHORITIES

**Cases:**                                                                                                                 **Page**

*In re Advanta Corp. Sec. Litig.*,
    180 F.3d 525 (3d Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*In re BankAmerica Corp. Sec. Litig.*,
    MDL No. 1264, Order (E.D. Mo. July 19, 1999). . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Blau v. Harrison*,
    No. 04-6592, slip op. (N.D. Ill. Mar. 24, 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*In re Enron Corp. Sec. Derivative & ERISA Litig.*,
    2002 WL 31845114 (S.D. Tex. Aug. 16, 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . .3

*In re Royal Ahold N.V. Sec. & ERISA Litig.*,
    220 F.R.D. 246 (D. Md. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

*In re Tyco Int'l, Ltd. Multidistrict Litig.*,
    No. 02-MD-1335, 2003 WL 23830479 (D.N.H. Jan. 29, 2003) . . . . . . . . . . . . . .3, 4

*In re Worldcom, Inc. Sec. Litig.*,
    234 F. Supp. 2d 301 (S.D.N.Y. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 5

**Other Authorities:**

15 U.S.C. § 78u-4(b)(3)(B). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 5

Fed. R. Civ. P. 1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

Plaintiff respectfully submits this reply brief in further support of his motion to modify the PSLRA's stay of discovery.[1]

## ARGUMENT

Although a federal complaint sharing several allegations with the complaint in this case has already withstood a motion to dismiss, JPMSI would have the Court believe that the PSLRA discovery stay is an inflexible, absolute privilege, without regard for the unique contours of this litigation or the aims of the PSLRA. However, the PSLRA expressly contemplates that the stay should be modified or lifted where "necessary to preserve evidence or to prevent undue prejudice to [the moving] party." 15 U.S.C. § 78u-4(b)(3)(B). Plaintiff has made the requisite showing of necessity, and therefore the stay of discovery should be modified to the limited extent requested in the motion.

Document discovery in the Illinois Action would likely fit on a single CD-ROM, as explained below. All Plaintiff seeks is access to this set of documents, and nothing more. In response, JPMSI seeks to use the PSLRA's discovery stay as a sword rather than a shield, even though Plaintiff's reasonable proposal would not impose any additional cost on the defendant and, as an incidental benefit, would likely promote judicial economy.

I.  **PLAINTIFF SEEKS ACCESS TO A CLEARLY DEFINED SET OF DOCUMENTS**

Plaintiff's motion meets the particularity condition in 15 U.S.C. § 78u-4(b)(3)(B) because the description of documents sought is precise, simple and unambiguous: each document produced in the Illinois Action. Simply put, if a document is produced in the Illinois Action, it should be made available to Plaintiff. No clarification is necessary and no misunderstanding is possible.

---

[1] Capitalized terms have the meanings ascribed to them in Plaintiff's opening brief.

At this juncture, Plaintiff does not seek a single document beyond those produced in the Illinois Action. Nor does he request a subset of the production, thereby avoiding litigation over subset interpretation. Instead, Plaintiff's motion is a purely passive request designed to place Plaintiff on an equal footing with the Illinois Action plaintiff and to accelerate the resolution of this case. In sum, Plaintiff's request is strictly limited to documents produced in the Illinois Action, and therefore is sufficiently particularized.

Faced with such indisputable clarity and specificity, JPMSI resorts to the red-herring argument that the category of documents sought is insufficiently particularized because, it contends, the requests for documents in the Illinois Action (the "Document Requests") are "voluminous." (D.I. 22 at 3.) Of course, if any of the Document Requests are unduly burdensome or otherwise objectionable, the Illinois Action defendants are entitled to object and produce only relevant, responsive documents.[2] In any case, that the Document Requests could have been more narrowly crafted is irrelevant. The PSLRA does not state or imply that lifting the discovery stay is inappropriate if the discovery sought, even if particularized, is "voluminous." *See In re Royal Ahold N.V. Sec. & ERISA Litig.*, 220 F.R.D. 246, 250 (D. Md. 2004) (observing that the term "particularized" "does [not] necessarily mean 'small.'").

In *Royal Ahold*, the court lifted the PSLRA discovery stay as to documents produced in other proceedings even though the corporate defendant estimated that the requested production amounted to one million pages. *Ibid.* The court specifically rejected defendants' objection based on the volume of requested documents, noting that "the burden of producing the materials should be slight, considering that the defendants

---

[2] However numerous and voluminous the Document Requests may be, Plaintiff notes the possibility that only a few documents are, in fact, responsive.

- 2 -

have previously produced them to other entities." *Ibid.* JPMSI's identical argument likewise conflates particularity and quantity and is equally meritless.

Additionally, JPMSI ignores the decisions cited in Plaintiff's opening brief holding that a request encompassing documents produced in a parallel proceeding is sufficiently particularized to justify modification of the PSLRA discovery stay. For instance, in *In re Tyco Int'l, Ltd. Multidistrict Litigation*, No. 02-MD-1335, 2003 WL 23830479 (D.N.H. Jan. 29, 2003), Judge Barbadoro observed that "courts reason that such discovery is 'particularized' because it is limited to the discovery documents that have already been produced to others and it prevents 'undue prejudice' by placing all potential claimants on an equal footing with respect to discovery." *Id.* at *4 (citing *In re Worldcom, Inc. Sec. Litig.*, 234 F. Supp. 2d 301 (S.D.N.Y. 2002) and *In re Enron Corp. Sec. Derivative & ERISA Litig.*, 2002 WL 31845114 (S.D. Tex. Aug. 16, 2002)). Further,

> [t]his approach makes sense in a case like this where (1) the Securities Action plaintiffs would be at a serious disadvantage if they are denied access to documents that are produced to the other plaintiffs and government investigators; (2) the defendants will not incur any additional costs if the Securities Actions plaintiffs are given access to the documents; (3) keeping all parties on an equal footing with respect to discovery serves important case management interests in this complex litigation; and (4) none of the claims at issue are frivolous.

*Ibid.* In *WorldCom*, Judge Cote observed that "plaintiffs' request…involves a clearly defined universe of documents, specifically certain documents which WorldCom has already produced in connection with other identified proceedings." 234 F. Supp. 2d at 306. Similarly, in *In re BankAmerica Corp. Securities Litigation*, MDL No. 1264, Order (E.D. Mo. July 19, 1999), Judge Nangle held that "particularized discovery…can be fashioned as follows[:] [t]he federal plaintiffs shall be allowed to conduct discovery only to the extent that the California plaintiffs are conducting discovery." *Id.* at 4.

Accordingly, the specific type of request set forth in Plaintiff's motion has been repeatedly approved by other federal courts, and JPMSI has failed to cite a single case in which such a request was found to be insufficiently particularized.

It bears noting that this case does not concern accounting fraud spanning the operations of a corporation. Nor does it concern conduct over a period of years, or across multiple subsidiaries. Rather, this case primarily concerns high-level negotiations over a period of two to four months involving the executives, directors, lawyers and bankers privy to such negotiations. Drafts of press releases, presentations, notes, the proxy statement, and relevant correspondence likely constitute the relevant documents created in the course of such negotiations. Based on the foregoing as well as on the experience of Plaintiff's counsel in various other merger suits, it is reasonable to anticipate that the universe of relevant documents in this litigation will be relatively small compared to a typical securities fraud action. Although JPMSI has not indicated approximately how many responsive documents have been assembled in the Illinois Action, the total document production in the Illinois Action will likely be far less than the one million pages in *Royal Ahold* and, if scanned digitally, may fit on a single CD-ROM.

Accordingly, the category of documents sought is sufficiently particularized.

## II. PLAINTIFF WILL SUFFER UNDUE PREJUDICE WITHOUT MODIFICATION OF THE DISCOVERY STAY

A plaintiff in a securities class action subject to the PSLRA discovery stay suffers a severe disadvantage when a party in a parallel proceeding can obtain discovery and thus gain a head start in the litigation. Courts have uniformly held that such a disadvantage constitutes "undue prejudice" sufficient to justify modifying the PSLRA discovery stay. *See Tyco*, *supra*, 2003 WL 23830479, at *4 ("plaintiffs would be at a serious disadvantage if they are denied access to documents that are produced to the other

- 4 -

plaintiffs"); *WorldCom*, *supra*, 234 F. Supp. 2d at 305 ("Without access to documents already made available to [other parties in parallel proceedings], [the lead plaintiff] would be prejudiced by its inability to make informed decisions about its litigation strategy"); *Royal Ahold*, *supra*, 220 F.R.D. at 252 ("Without access to key documents that have already been produced to government investigators and that soon will be produced to the ERISA plaintiffs, the securities plaintiffs could suffer a severe disadvantage in formulating their litigation and settlement strategy—particularly if the parties proceed quickly to settlement negotiations, as the court has urged them to do.").

JPMSI does not disavow the existence of settlement discussions in the Illinois Action. If such discussions are underway without Plaintiff's knowledge or participation, the interests of Plaintiff and the putative class could potentially be sacrificed or harmed. Thus, Plaintiff will suffer undue prejudice in the formulation of litigation or settlement strategy if he is blocked from reviewing the documents produced in the Illinois Action.

JPMSI contends that modification of the PSLRA stay is inappropriate because "exceptional circumstances"—specifically, insolvency—are absent. (D.I. 22 at 10.) However, its reading of the PSLRA finds no basis in the plain language of 15 U.S.C. § 78u-4(b)(3)(B), which does not refer to "exceptional circumstances" or limit the Court's discretion to situations where the corporate defendant is insolvent or nearly so. Indeed, in *BankAmerica* (which, like the instant case, arose out of a merger of two banks) and *Tyco*, among other cases, the corporate defendants were *not* insolvent. Plaintiff has demonstrated that "particularized discovery is necessary to preserve evidence or to

prevent undue prejudice" and he need not make any additional showing, let alone a showing that JPMSI or JPMC is insolvent.[3]

Accordingly, the discovery stay should be modified to the extent necessary to remedy the "severe disadvantage" which the putative class will suffer unless Plaintiff has access to documents produced in the Illinois Action. *Royal Ahold*, 220 F.R.D. at 252.

### III. LIFTING THE DISCOVERY STAY IN THIS CASE ADVANCES THE OBJECTIVES OF THE PSLRA

Congress enacted the PSLRA to redress certain perceived abuses in securities class actions, including "the practice of filing lawsuits against issuers of securities in response to any significant change in stock price" and "the abuse of the discovery process to coerce settlement." *In re Advanta Corp. Sec. Litig.*, 180 F.3d 525, 530-31 (3d Cir. 1999). However, as set forth more fully below, it is abundantly clear that this case is not a stock-drop suit or otherwise the type of case that the PSLRA seeks to deter.

In the Illinois Action, a motion to dismiss a federal securities class action complaint arising out of the Merger has already been largely denied. Notably, the Northern District of Illinois rejected defendants' materiality argument. *See Blau v. Harrison*, No. 04-6592, slip op. at 12 (N.D. Ill. Mar. 24, 2006) ("While it is not necessary to disclose all factors in a negotiation, failure to offer shareholders a more profitable exchange may have been important to shareholders in considering whether or not to approve the merger. For the purposes of the instant motion to dismiss, the Court

---

[3] Although the instant motion primarily rests upon "undue prejudice" as the basis to modify the discovery stay, the alternative basis of evidence preservation is also a compelling reason to grant Plaintiff's motion. The fact that JPMSI has been specifically sanctioned for failing to preserve responsive documents in other proceedings calls into question its assurance that "[d]ocuments can be preserved indefinitely, unlike witnesses and faulty memories." (D.I. 22 at 6.) "Faced with…concerns about evidentiary loss that are by no means wholly speculative, the plaintiffs are not required to rely on the assurances of counsel that relevant evidence will be preserved." *Royal Ahold*, 220 F.R.D. at 251 (internal quotation marks and citation omitted). In this case, Plaintiff is not offering mere speculation that JPMSI may destroy relevant documents—rather, he seeks to prevent JPMSI from *repeating* its failure, as found by multiple regulators, to preserve relevant documents in other proceedings.

- 6 -

concludes that the omission regarding an alleged 'no premium' stock exchange is material."). Accordingly, JPMSI will be collaterally estopped from making the same argument in this case.

With this chief defense gutted, JPMSI maintains that Plaintiff is "in search of the required particularity his complaint now sorely lacks," reviving the tired refrain that this case is "based on a single unsubstantiated sentence in a newspaper article." (D.I. 22 at 8.) To the contrary, the detailed allegations in Plaintiff's complaint are based on a variety of reputable sources all corroborating the central allegations. (D.I. 2 at ¶¶ 80, 84, 86, 89, 91, 96, 104, 197.) Moreover, evidence of the chief actors' scienter (and, thus, JPMSI's scienter) is extensive and compelling. (*Id.* at ¶¶ 53-77, 84, 89, 143-48, 169-81.) Indeed, the extraordinary investigation and analysis undertaken by Plaintiff's counsel far exceeds the minimal diligence evident in the cribbed pleading in the Illinois Action.[4] Accordingly, insofar as JPMSI wishes to have this motion denied on the merits of the complaint, the fact that Plaintiff's complaint is well-founded and obviously not frivolous weighs in favor of modifying the PSLRA stay. *See Royal Ahold*, *supra*, 220 F.R.D. at 251 ("[T]he apparent strength of the plaintiffs' case may factor in the court's determination of the necessity of discovery under the PSLRA.").

As noted in Part I, *supra*, JPMSI will not incur any additional cost if Plaintiff is allowed access to the requested documents, which have been or are being collected and produced in another case. Thus, it cannot be argued that a limited modification of the discovery stay would result in an "abuse of the discovery process," *Advanta*, 180 F.3d at 531, or any other cognizable prejudice to JPMSI.

---

[4] As Plaintiff has pointed out and documented elsewhere, the rampant plagiarism in the Illinois Action pleadings strongly indicates that plaintiff's counsel in that action failed to conduct a pre-filing investigation that would satisfy the requirements of Fed. R. Civ. P. 11. *See Hyland v. Harrison*, C.A. No. 05-162 (D. Del.) (D.I. 65 at 15-18 & Exh. 13).

Finally, in administering this case, Fed. R. Civ. P. 1 calls upon the Court to endeavor "to secure the just, speedy, and inexpensive determination of every action." The ultimate resolution of this case likely will be accelerated if the Court grants the relief requested herein. Accordingly, the limited discovery sought by Plaintiff facilitates and advances the purpose of Fed. R. Civ. P. 1.

None of the perceived abuses addressed by Congress in the PSLRA are present in this case. In fact, modifying the discovery stay would advance the objectives of the PSLRA and further the just, speedy, and inexpensive determination of this action.

## CONCLUSION

For the above reasons as well as those stated in Plaintiff's opening brief, the PSLRA's discovery stay should be modified to make available to Plaintiff the document discovery produced to the plaintiff in the Illinois Action.

DATED:       July 14, 2006                    Respectfully submitted,

                                              /s/ *Joseph N. Gielata*
                                              JOSEPH N. GIELATA (# 4338)
                                              Attorney at Law
                                              501 Silverside Road, No. 90
                                              Wilmington, Delaware 19809
                                              (302) 798-1096

                                              *Attorney for Plaintiff Samuel Hyland*

**CERTIFICATE OF SERVICE**

I hereby certify that, on July 14, 2006, I electronically filed the *REPLY BRIEF IN SUPPORT OF PLAINTIFF SAMUEL I. HYLAND'S MOTION TO MODIFY THE PSLRA'S STAY OF DISCOVERY* with the Clerk of Court using CM/ECF which will send notification of such filing to:

>Michael R. Robinson, Esquire
>**RICHARDS LAYTON & FINGER, P.A.**
>One Rodney Square
>Wilmington, DE  19801
>
>*Counsel for Defendants*

                           /s/ *Joseph N. Gielata*
                           Joseph N. Gielata